IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **LORINA C. SILVAS,**<br>    *Plaintiff,*<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br>    *Defendant.* | MO:23-CV-00002-DC |

## ORDER

In June 2022, and after holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff Lorina Silvas did not have a disability under the Social Security Act's ("SSA") definition. The ALJ's decision analyzed various medical opinions, including one from Family Nurse Practitioner Rhonda White ("FNP White"), who completed multiple examinations of Silvas. In her opinion, FNP White believed that Silvas could only infrequently sit, could not occasionally lift or carry one-to-five pounds, and could not sit or walk for more than one hour, respectively, in an eight-hour workday.

The ALJ, however, found that FNP White's opinion was broadly inconsistent with the objective documentation of record, including observations in other medical opinions that Silvas had shown normal and intact whole-body strength. To backstop that assertion, the ALJ cited 14 different parts of the record. Accordingly, the ALJ concluded that Silvas was not disabled for the applicable period.

Silvas appealed the ALJ's decision. But in November 2022, the SSA's Appeals Council concluded that no basis existed for changing the ALJ's decision and declined to review it. As a result, the ALJ's decision became Defendant Commissioner of Social

Security's final decision. Silvas then filed her complaint in this Court in January 2023, and her brief seven months later. The Parties fully briefed the matter, and in November 2023, the United States Magistrate Judge's Report and Recommendation ("R&R") recommended that the Court affirm the Commissioner's decision. Silvas has objected to the R&R. Thus, after considering the entire record and conducting a de novo review, the Court will adopt the R&R and affirm the Commissioner's decision.

## LEGAL STANDARD

**I.   Objecting to a Magistrate Judge's report and recommendation.**

A party may object to a Magistrate Judge's R&R by filing written objections within 14 days after being served with a copy of the report and recommendations.[1] Failure to file written objections to the R&R within the required period bars that party from requesting that the district court review the R&R de novo.[2] A party's failure to timely object to the R&R also bars the party from seeking appellate review of proposed factual findings and legal conclusions accepted by the district court unless there is clear error to which no objections were filed.[3]

**II.   Judicial review of administrative law judge's decision in social security appeals.**

---

[1] 28 U.S.C. § 636(b)(1).
[2] *Id.*
[3] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

Federal courts review a denial of social security benefits by examining whether: (1) the ALJ "applied the proper legal standards," and (2) the decision is supported by "substantial evidence."[4]

### A. Proper legal standard.

The SSA defines a "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[5] To determine whether a claimant is disabled, an ALJ, acting on behalf of the Commissioner, applies a sequential five-step approach, considering whether:

> (1) the claimant is currently engaged in substantial gainful activity;
>
> (2) the claimant has a severe medically determinable physical or mental impairment that has lasted or is expected to last for a continuous period of at least 12 months, or combination of impairments that is severe and meets the duration requirement;
>
> (3) the impairment meets the severity of an impairment enumerated in 20 C.F.R. Pt. 404, Subpt. P, App. 1;
>
> (4) the claimant can perform [her] past relevant work given [her] residual functional capacity; and
>
> (5) the claimant's residual functional capacity, age, education, and work experience prevents [her] from performing other work.[6]

Between steps three and four, the ALJ determines the claimant's "residual functional capacity" ("RFC").[7] The RFC is "the most [the claimant] can still do" despite any physical or

---

[4] *Schofield v. Saul*, 950 F.3d 315, 319 (5th Cir. 2020) (cleaned up).
[5] 42 U.S.C. § 423(d)(1). The Act's definition is for cases not involving blindness.
[6] *Sherman v. Kijakazi*, No. 1:22-CV-00775-RP-SH, 2023 WL 3727022, at *2 (W.D. Tex. Apr. 27, 2023) (citing 20 C.F.R. § 404.1520(a)(4)).
[7] 20 C.F.R. § 404.1520(a)(4).

3

mental limitations caused by her "impairments and any related symptoms."[8] If a claimant's impairment does not meet or equal a listed impairment, the ALJ assesses the claimant's RFC "based on all the relevant medical and other evidence in [the] case record."[9] Such medical evidence includes "the testimony of physicians and the claimant's medical records."[10] After determining the RFC, the ALJ proceeds to steps four and five.

The claimant carries the burden of proving a disability throughout the first four steps.[11] If the claimant meets their burden, at step five, the burden of proof shifts to the Commissioner "to establish the existence of other available substantial gainful employment that [the] claimant can perform."[12] If the Commissioner does so, "the burden then shifts back to the claimant to prove that [they are] unable to perform the alternate work."[13]

### B. Substantial evidence.

"Under the substantial-evidence standard, court[s] look to [the] existing administrative record and ask whether it contains 'sufficient evidence' to support the agency's factual determinations."[14] Substantial evidence does not imply a high threshold but does require "more than a mere scintilla."[15] Indeed, this standard is only met by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[16]

---

[8] § 404.1545(a)(1).
[9] § 404.1520(e).
[10] *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).
[11] *Kneeland*, 850 F.3d at 753.
[12] *Sherman*, 2023 WL 3727022, at *2 (citing *Kneeland*, 850 F.3d at 753).
[13] *Morales v. Comm'r*, No. EP-22-CV-00120-FM-RFC, 2022 WL 18912157, at *2 (W.D. Tex. Dec. 5, 2022) (cleaned up) (citing *Fraga v. Bowen*, 810 F.2d 196, 1302) (5th Cir. 1987)).
[14] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up).
[15] *Id.* (cleaned up).
[16] *Id.* (cleaned up).

"A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[17]

In determining whether substantial evidence did support the ALJ's decision, courts weigh "four elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history."[18] A court must not "reweigh the evidence or substitute [its] judgment for that of the [ALJ]."[19] "Conflicts of evidence are for the [ALJ], not the courts, to resolve."[20] Thus, courts "may only scrutinize the record to determine whether it contains substantial evidence to support the [ALJ's] decision."[21] If the ALJ's findings are supported by substantial evidence, they must be affirmed.[22]

## DISCUSSION

Silvas makes two objections. First, Silvas claims there are "serious doubts" that the R&R acknowledged or applied the second prong of judicial review.[23] Second, Silvas objects to the R&R's conclusion that the ALJ properly supported his rejection of FNP White.[24] The Court handles each objection in turn.

### I. Did the ALJ apply the proper legal standard?

Silvas asserts that she cannot tell if the R&R accounts for the proper legal standard. But there are three problems with that assertion. One, Silvas does not argue the *wrong* legal

---

[17] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (cleaned up).
[18] *Probst v. Kijakazi*, No. EP-22-CV-00286-RFC, 2023 WL 3237435, at *1 (W.D. Tex. May 3, 2023) (cleaned up) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).
[19] *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *2 (5th Cir. June 14, 2023) (cleaned up).
[20] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).
[21] *Sherman*, 2023 WL 3727022, at *3.
[22] *See Garcia v. Berryhill*, 880 F.3d 700, 702 (5th Cir. 2018)
[23] Doc. 21 at 3.
[24] *Id.*

standard was applied. Nor does Silvas even state what she thinks the proper legal standard is. That is not enough. Two, the correct legal standard was quite clearly applied. As outlined above, the proper legal standard when determining whether the claimant has a "disability" is the five-step approach found in 20 C.F.R. § 404.1520. And the ALJ's decision systematically marches through those five steps.[25] Indeed, even the ALJ's headings are full-sentence propositions that encompass each of the five steps.[26] Lastly, any argument that the ALJ failed to apply the correct legal standard is absent from Silvas' briefing.[27] So it makes sense that the R&R would not analyze whether the ALJ applied proper legal standard when that question (1) was not raised in Silvas' briefing, and (2) has an obvious answer. Thus, the Court will overrule this objection.

## II.   Was there "substantial evidence" to support the ALJ's rejection of FNP White?

Silvas' last objection is that the ALJ did not properly support the rejection of FNP White. Specifically, Silvas argues that, although the ALJ did provide a citation to support his "broadly inconsistent" rationale, "the citation provided by the ALJ is essentially identical to a lack of a citation."[28]

Ignoring Silvas' attempts to rehash ground already covered by the R&R, two problems exist with her argument. First, Silvas does not provide any legal authority that holds that an ALJ's citation to various points in the record is "essentially identical to a lack of a citation." Second, the ALJ did not cite "a seemingly random assortment of evidence" as

---

[25] Doc. 6-2 at 21.
[26] *Id.*
[27] *See, e.g.*, Doc. 11.
[28] Doc. 21 at 3.

Silvas claims.[29] Rather, the ALJ cited various areas in the record where FNP White's opinion differs from other medical opinions. For example, the ALJ noted that "FNP White opined, e.g., that the claimant can only 'infrequently' sit," "cannot occasionally lift or carry one-to-five pounds," and "can sit for only one hour in an eight-hour workday, and "walk for only one hour in an eight-hour workday."[30]

The ALJ then concluded that "these statements are broadly inconsistent with the objective documentation of record, including observations of the claimant demonstrating normal and intact whole-body strength," citing various parts in the record.[31] What's more, one of the citations to the record inconsistent with FNP White's statements is to a notation made by FNP White herself. Indeed, in December 2021, FNP White wrote that Silvas had "[j]joints with full range of motion against gravity and resistance. *No muscle atrophy and weakness.*"[32]

The ALJ's citations also noted Dr. Kendall Wong's opinion, which came to a different conclusion. For example, as cited by the ALJ, Dr. Wong described her examination of Silvas as follows: "[w]ell-developed, well-nourished, short built right-handed female ambulates into my office without any assistive device. She is comfortable and not in pain. She has no problem to sit, stand, move about, lift, carry, handle objects, hear, and speak."[33] Dr. Wong also noted that "Patient was not giving normal effort and reduced range of motion is intentional."[34]

---

[29] *Id.*
[30] Doc. 6-2 at 31–32.
[31] *Id.* at 32.
[32] *Id.* (citing 16F/83) (emphasis added)
[33] Doc. 6-7 at 364.
[34] *Id.*

7

How FNP White's opinion diverges from others in the record then, is quite obvious. Put simply, an inconsistency exists if one medical opinion explains the patient has normal strength, range of motion, and has no pain, and then a second simply states the patient can walk or sit for only one hour in a workday because of pain. That is the case here. So the ALJ's citations *do* show where FNP White's opinion and conclusion depart from the other medical opinions (and even her own medical opinion), which, under 20 C.F.R. § 404.1520c(c), makes it less persuasive.

In short, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[35] And in this case, there are credible evidentiary choices and medical findings to support the ALJ's decision. Likewise, the Court finds there is "a discernable 'logic bridge' between the evidence and the ALJ's persuasiveness finding."[36] Thus, the Court will overrule this objection.

## CONCLUSION

It is therefore **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

It is so **ORDERED**.

SIGNED this 29th day of November, 2023.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[35] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (cleaned up).
[36] *Chavarria v. Kijakazi*, No. EP-22-CV-00407-KC-RFC, 2023 WL 3984857, at *3 (W.D. Tex. June 13, 2023) (cleaned up).